RACHEL ALEXANDER, RESPONDENT, v. FORUM CAFETERIA, INC., APPELLANT.—37 S. W. (2d) 670.

Kansas City Court of Appeals.   Opinion filed February 16, 1931.

*Mont T. Prewitt* and *Wm. T. Alford* for respondent.

*Mosman, Rogers & Buzard* for appellant.

CAMPBELL, C.—This is an action to recover damages for personal injuries. The plaintiff recovered judgment and the defendant appeals.

It is averred in plaintiff's petition that defendant in the month of May, 1926, operated a cafeteria in Kansas City, Missouri; that plaintiff was employed to work therein; that she had charge of what is known as the dessert station; that the desserts were kept by defendant in an ice box, entrance to which was gained by means of a swinging door located back of the place where plaintiff was required to work; that the ice box was built near an aisle; that employees of defendant in the discharge of their duties passed to and fro along said aisle;

that in going into and coming out of the ice box it was necessary to leave the door thereof open, and that when open it swung into the aisle along which defendant's employees, in the discharge of their duties, were required to pass; that in May, 1926, while coming out of said ice box, in the discharge of her duties, plaintiff received an injury on account of the door of said ice box being closed upon her by the negligent act of defendant.

The negligence charged is, that defendant failed to furnish plaintiff a reasonably safe place to work, in this, that when the door of the ice box was opened so as to permit her to go into and out of the ice box which swung into the aisle along which numerous employees were required to pass, said employees were liable to close said door while plaintiff was passing into or out of said ice box and thus catch and injure her; that the ice box was so located that it was too close to said aisle and, for that reason, said employees were liable to bump against or close said door, to her injury, all of which the defendant knew or by the exercise of ordinary care could and would have known.

The answer is a general denial, plea of contributory negligence and assumption of risk.

The defendant presents but one question to this Court, and that question is, "was the plaintiff's injury caused by the negligence of a mere fellow servant?" The statement of facts will therefore be limited to the evidence bearing on the question presented.

The evidence tends to show that plaintiff was in the employ of the defendant as a waitress in defendant's cafeteria; that she was required from time to time to go into the ice box or refrigerator in which food was kept; that the door was about six feet in height and when opened swung into an aisle, along which fifteen to twenty-five employees of the defendant were required to pass "up and down" while in the discharge of their duties; that one of them passed said ice box on an average of every five minutes; that when the door of the ice box was open it extended into and occupied the entire width of the aisle except ten or twelve inches thereof; that the door of the ice box was closed at all times except when opened to permit employees to enter and leave the same; that at the time in question plaintiff went into the ice box to procure food, and after procuring the same opened the door from the inside, and while she was in the act of leaving the ice box another employee of defendant came from the north along said aisle carrying a tray, struck the ice box door, caused the same to be closed upon plaintiff's left arm and severely injured her; that an employee passing along the aisle, when the door was open, was liable to bump against or strike the door thus causing it to close.

We have stated only the evidence favorable to the plaintiff. The conflicting evidence being for the jury, is not important in view of the one question presented by the defendant.

It is argued by the defendant that McMillen, defendant's employee who closed the door upon plaintiff's arm, was a fellow servant; that the injury to plaintiff was caused solely by the negligence of said fellow servant, and that defendant is not responsible therefor. There is evidence that plaintiff and McMillen were fellow servants.

Many cases are cited by defendant in support of its contention that one who sustains an injury solely through the negligence of a fellow servant, except as otherwise provided by statute, cannot recover from the master. We agree to the contention thus stated. Such concurrence, however, does not determine the case presented by the record. Said contention is merely another way of saying that the plaintiff failed to make the pleaded case. The case pleaded is that the defendant negligently failed to furnish plaintiff a reasonably safe place in which to work. It is well settled law that it is the duty of the master to exercise ordinary care to furnish a servant a reasonably safe place in which to work; that that duty cannot be delegated. It is also well settled law that if an employee sustains injury in consequence of the combined negligence of the employer and some fellow servant, recovery will not, for that reason, be denied. [Radtke v. St. Louis, 229 Mo. 1, 129 S. W. 508; Shuh v. American Car & Foundry Company, 241 S. W. 641; Browning v. Railway Company, 124 Mo. 55, 70, 27 S. W. 647.]

The negligence of McMillen is tacitly confessed; therefore if his negligence combined with the negligence of defendant to produce the injury, the plaintiff is entitled to recover.

In determining the question of negligence the evidence must be viewed in a light most favorable to plaintiff, ''and if the evidence discloses a situation and a state of facts from which different minds may honestly and reasonably draw different conclusions as to whether there was negligence, it is elementary that the question is for the jury, and not for the court.'' [Owen v. Delano, 194 S. W. 756, 760.]

Upon the showing made, the question of defendant's negligence was for the jury. [Dickson v. Western Tablet & Ticket Company, 246 S. W. 619, 622.]

''The party charged may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission.'' [Benton v. City of St. Louis, 248 Mo. 98, 110, 154 S. W. 473.]

It is said in defendant's brief that reasonable minds cannot differ about the proposition that plaintiff and McMillen were engaged in the same common employment under the same master. We, however, hold that reasonable minds may honestly differ as to whether the defendant performed its legal duty to exercise ordinary care to

furnish plaintiff a reasonably safe place in which to work, and that such failure, combined with the negligence of McMillen, caused the injury.

It follows that we cannot disturb the judgment and the same must be, and is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.